1  **LAW OFFICES OF JOHN L. BURRIS**
   JOHN L. BURRIS, ESQ., (SBN 69888)
2  K. CHIKE ODIWE, ESQ., (SBN 315109)
   Airport Corporate Centre
3  7677 Oakport Street, Suite 1120
   Oakland, California 94621
4  Telephone: (510) 839-5200
   Facsimile: (510) 839-3882
5  john.burris@johnburrislaw.com
   chike.odiwe@johnburrislaw.com

6  **LAW OFFICES OF JOHN L. BURRIS**
   DeWITT M. LACY, ESQ., (SBN 258789)
7  9701 Wilshire Blvd., Suite 1000
   Beverly Hills, California 90212
8  Telephone: (310) 601-7070
   Facsimile: (510) 839-3882
9  dewitt.lacy@johnburrislaw.com

10 Attorneys for Plaintiff
   FERNANDO MIGUEL SORIA

11

12                    UNITED STATES DISTRICT COURT

13                   NORTHERN DISTRICT OF CALIFORNIA

14

| | |
|---|---|
| FERNANDO MIGUEL SORIA, individually, | Case No.: 3:18-cv-6168 |
| Plaintiff, | COMPLAINT FOR DAMAGES |
| v. | (42 U.S.C. § 1983 and pendent tort claims) |
| COUNTY OF ALAMEDA, a municipal corporation; JUSTIN LINN, individually and his official capacity as a deputy for the COUNTY OF ALAMEDA Sheriff's Department; ERIK MCDERMOTT, individually and in his capacity as a deputy for the COUNTY OF ALAMEDA Sheriff's Department; STEPHEN SARCOS, individually and in his official capacity as a deputy for the COUNTY OF ALAMEDA Sheriff's Department; SARAH KRAUSE, individually and in her official capacity as a deputy for the COUNTY OF ALAMEDA Sheriff's Department; DOES 1-10, inclusive; individually and in their capacities as law enforcement agents and/or personnel for the COUNTY OF ALAMEDA Sheriff's Department, | JURY TRIAL DEMANDED |

Defendants.

## INTRODUCTION

1. This action arose after COUNTY OF ALAMEDA Sheriff's deputies, JUSTIN LIN, ERIK MCDERMOTT, STEPHEN SARCOS, and SARAH KRAUSE used unwarranted and excessive force against Plaintiff FERNANDO MIGUEL SORIA by breaking his arm and refusing to provide medical treatment. Defendant Deputies LIN, MCDERMOTT, SARCOS and KRAUSE conspired and did cause Plaintiff SORIA to be assualted with feces and urine on several occasions during the months of August, September, October, and November of 2016. As a result of the unconscionable actions of said COUNTY OF ALAMEDA Sheriff's Deputies, Plaintiff SORIA sustained substantial injuries and irreparable harm.

## JURISDICTION

2. This action arises under Title 42 of the United States Code, Section 1983. Jurisdiction is conferred upon this Court by Title 42 of the United States Code, Section 1331 and 1343. The unlawful acts and practices alleged herein occurred in the County of Alameda, California, which is within this judicial district.

## PARTIES

3. At all times relevant to this Complaint, Plaintiff, FERNANDO SORIA (hereinafter "SORIA"), is, and at all times herein mentioned, was a United State citizen.

4. Defendants COUNTY OF ALAMEDA (hereinafter "COUNTY") is and at all times herein mentioned is a municipal entity duly organized and existing under the laws of the State of California. Under its authority, COUNTY operates the County of Alameda Sherrif's Department.

5. At all times herein mentioned defendant, JUSTIN LIN (hereinafter "LIN") is a deputy of the COUNTY Sheriff's Department. LIN is, and at all times mentioned herein, an employee of the COUNTY. He is being sued individually and in his official capacity as a deputy of the COUNTY Sheriff's Department.

6. At all times herein mentioned defendant, EIRK MCDERMOTT (hereinafter

1  "MCDERMOTT") is a deputy of the COUNTY Sheriff's Department.  MCDERMOTT is, and at
2  all times mentioned herein, an employee of the COUNTY.  He is being sued individually and in
3  his official capacity as a deputy of the COUNTY Sheriff's Department.
4        7.     At all times herein mentioned defendant, STEPHEN SARCOS (hereinafter
5  "SARCOS") is a deputy of the COUNTY Sheriff's Department.  SARCOS is, and at all times
6  mentioned herein, an employee of the COUNTY.  He is being sued individually and in his
7  official capacity as a deputy of the COUNTY Sheriff's Department.
8        8.     At all times herein mentioned defendant, SARAH KRAUSE (hereinafter
9  "KRAUSE") is a deputy of the COUNTY Sheriff's Department.  KRAUSE is, and at all times
10 mentioned herein, an employee of the COUNTY.  She is being sued individually and in her
11 official capacity as a deputy of the COUNTY Sheriff's Department.
12       9.     Plaintiffs are ignorant of the true names and/or capacities of Defendants sued
13 herein as DOES 1-10, inclusive, and therefore sue said Defendants by such fictitious names.
14 Plaintiffs will amend this complaint to allege their true names and capacities when ascertained.
15 Plaintiffs believe and allege that each of the DOE Defendants is legally responsible and liable for
16 the incident, injuries and damages hereinafter set forth.  Each Defendant proximately caused
17 injuries and damages because of their negligence, breach of duty, negligent supervision,
18 management or control, violation of public policy, and false arrests.  Each Defendant is liable for
19 his/her personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether
20 severally or jointly, or whether based upon agency, employment, ownership, entrustment,
21 custody, care or control or upon any other act or omission.  Plaintiffs will ask leave to amend this
22 complaint subject to further discovery.  In doing the acts alleged herein, Defendants, and each of
23 them acted within the course and scope of their employment. In doing the acts and/or omissions
24 alleged herein, Defendants, and each of them, acted under color of authority and/or under color
25 of law. Due to the acts and/or omissions alleged herein, Defendants, and each of them, acted as
26 the agent, servant, and employee and/or in concert with each of said other Defendants herein.
27       10.    For State causes of action related to Federal claims, Plaintiffs are required to
28 comply with an administrative claim requirement under California law.  Plaintiffs have complied

with all applicable requirements.

**FACTS**

11. The events that give rise to this litigation occurred during the times of August through November of 2016. Plaintiff is a resident of COUNTY with a history of depression and other psychological disorders. During the latter part of the month of August in 2016, Plaintiff SORIA went to John George Psychiatric Pavilion located at 2060 Fairmont Drive, in San Leandro, California for the purpose of obtaining a refill for medication prescribed to Plaintiff to treat depression.

12. While at the John George facility Plaintiff attempted to explain to John George staff his desire to have his prescription refilled. John George employees attempted to sedate Plaintiff by giving him a shot of some sort. Plaintiff SORIA objected to the administration of sedative medication and a struggle between Plaintiff SORIA and John George staff ensued.

13. During the struggle, COUNTY Sheriff's deputies were called to make an arrest of Plaintiff SORIA for a violation of California Penal Code section 148(a)(1), resisting, delaying, or obstructing an officer in the performance of their duties. SORIA protested his arrest to the deputies. COUNTY deputies acted in a retaliatory manner and took SORIA into custody. Thereafter, SORIA was brought to Santa Rita Jail, located at 5325 Broder Boulevard, in Dublin, California. SORIA was initially housed in an isolation cell for at least two days before being taken to Housing Unit 2, F-pod, in the east wing, better known to inmates as, administrative segregation.

14. On several evenings between September and November of 2016, several deputies, including Defendant deputies LIN, MCDERMOTT, KRAUSE, and SARCOS conspired a hellacious and despicable plot to "gas" SORIA, or douse SORIA with urine and feces, from a plastic shampoo bottle filled with urine and feces. Defendants conspired, and did in fact, open the cell door housing SORIA and the cell door of another inmate known as "Preacher." Defendant deputies convinced and directed Preacher to gas SORIA when the Defendant deputies opened the cell door. SORIA was not allowed to shower afterwards and could only clean himself and his clothes with the water from the toilet within his cell.

15. On one occasion, after Defendant SORIA was gassed at the direction and with the knowledge of Defendant deputies, Defendant deputies LIN, MCDERMOTT, KRAUSE, and SARCOS refused to provide SORIA clean clothes for two (2) to three (3) days.

16. On another occasion, SORIA attempted to close his door after Defendant deputies opened his handcuffing port, ostensibly to allow Preacher to gas SORIA. Defendant LIN, MCDERMOTT, KRAUSE, and/or SARCOS kicked the door shut while SORIA'S arm was extended through the handcuffing port causing SORIA to suffer a severely broken arm. SORIA was not allowed to receive medical attention for approximately one (1) week despite his several complaints of pain and injury.

17. On another occasion, Defendant MCDERMOTT came into SORIA'S cell while he was lying down and sprayed mace on SORIA'S chest. SORIA protested the treatment but was not allowed to wash the mace off of his person or off of his clothes. SORIA could only wash his clothes in the sink during "yard time."

18. On another occasion, after Defendant deputies caused SORIA to be doused with feces and urine, Defendant MCDERMOTT took SORIA'S dirty clothes but refused to provide SORIA with clean clothes despite SORIA'S protest. On that occasion, there was no mat in SORIA'S cell to sleep on and SORIA was forced to sleep on a concrete floor with no blanket.

19. On yet another occasion, in which Defendant deputies caused the gassing of SORIA, SORIA was again doused in urine and feces and not allowed to clean himself or his clothes. The gassing caused SORIA to vomit and convulse.

20. A civilian employee at Santa Rita Jail was working in the Control Booth of Housing Unit 2 with Defendant LINN on more than one (1) but less than five (5) occasions when they observed Defendant LIN release Preacher from his cell while the handcuffing ports on SORIA'S cell door were left open inside F-pod. The civilian employee watched Preacher discharge the contents of containers into SORIA'S occupied cell. Preacher was known to spray urine and feces into open handcuffing ports left open on the days that Defendants LIN, MCDERMOTT, KRAUSE, and SARCOS worked in Housing Unit 2.

21. SORIA observed one of the occasions where Defendant LIN unlocked Preacher's

cell door and lead Preacher out of his cell while Preacher was unrestrained to another cell door on the upper tier. SORIA observed Defendant LIN unlock the handcuffing port of the cell on the upper tier. SORIA observed Preacher dispense something into the occupied cell through the handcuffing port. Later, the inmate who was housed in the cell, told investigators Preacher had gassed him with feces and urine. Preacher admitted to investigators that he doused the inmate with feces and urine and later admitted the gassing was planned with the help of Defendants KRAUSE and SARCOS. Preacher also admitted the conspirators' intent was that Preacher gas SORIA, but mistakenly gassed the wrong inmate.

22. After the initial Investigation Defendant LIN spoke to an inmate worker who normally worked on Defendant LIN and MCDERMOTT'S shift in Housing Unit 2. LIN spoke privately with the inmate worker and asked if the inmate worker would tell other inmates who knew of SORIA that SORIA was a snitch in an attempt to dissuade SORIA from cooperating with law enforcement. However, the inmate worker declined to do so.

23. Defendants KRAUSE and SARCOS admitted to the conspiracy and were arrested for Assault and Battery on August 30, 2017 and August 31, 2017, respectively. Defendants LIN, MCDERMOTT, KRAUSE, and SARCOS are now currently facing criminal prosecution by the Alameda County District Attorney's office.

24. SORIA contracted hepatitis C and significant emotional distress because of the reprehensible conduct of Defendants LIN, MCDERMOTT, KRAUSE, and SARCOS.

**DAMAGES**

25. As a consequence of Defendants' violation of Plaintiff's federal civil rights under 42 U.S.C. § 1983 and the First, Fourth, and Fourteenth Amendments of the United States Constitution, Plaintiff SORIA was mentally and emotionally injured and damaged as a proximate result of Defendants' wrongful conduct.

26. Plaintiff SORIA suffered wrongful arrest, wrongful detention and substantial physical injuries.  As a further proximate result of Defendants' conduct, Decedent incurred damages caused by the assault, battery and his wrongful detention.  Plaintiff SORIA suffered severe and extreme emotional distress, fear, terror, anxiety, humiliation, and loss of sense of

security, dignity, and pride as a United States Citizen.

27. The conduct of Defendants was malicious, wanton, and oppressive. Plaintiff is therefore entitled to and aware of punitive damages against said Defendants.

## FIRST CLAIM FOR RELIEF

### Violation of Fourth Amendment of the United States Constitution – Excessive Force

### (42 U.S.C. Section 1983)

(SORIA against LIN, MCDERMOTT, KRAUSE, SARCOS, and DOES 1-10)

28. Plaintiff SORIA re-alleges and incorporates by reference paragraphs 1 through 27 of this Complaint.

29. Defendants' above-described conduct, violated Decedent's right as provided for under the Fourth Amendment to the United States Constitution to be free from excessive force and/or the arbitrary and/or unreasonable use of deadly force against him.

30. Defendants LIN, MCDERMOTT, KRAUSE, SARCOS, and DOES 1-10 acted under the color of law by kicking the handcuffing port shut while Plaintiff SORIA was attempting to prevent himself from being doused with feces and urine without lawful justification and subjecting SORIA to excessive force thereby depriving Plaintiff of certain constitutionally protected rights, including, but not limited to: the right to be free from unreasonable searches and seizures, as guaranteed by the First, Fourth, and Fourteenth Amendments to the United States Constitution; the right not to be deprived of life or liberty without due process of law, as guaranteed by the Fourteenth Amendment to the United States Constitution; the right to be free from the use of excessive force by sheriff's deputies, which is guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

31. Plaintiff also seeks compensatory and punitive damages under this claim. Plaintiff further seeks attorney's fees under this claim.

WHEREFORE, Plaintiff SORIA prays for relief as hereinafter set forth.

## SECOND CLAIM FOR RELIEF

### Municipal Liability (*Monell*)

**(42 U.S.C. § 1983)**

(SORIA against Defendants COUNTY and DOES 1-10)

32.     Plaintiff SORIA hereby re-alleges and incorporates by reference herein paragraphs 1 through 31 of this Complaint.

33.     As against Defendants COUNTY and/or DOES 1-10 and/or each of them, individually and/or in their capacities as official policy-maker(s) for the COUNTY, including the Sheriff.  Plaintiffs further allege that the acts and/or omissions alleged in the Complaint herein are indicative and representative of a repeated course of conduct by members of Defendant COUNTY tantamount to a custom, policy or repeated practice of condoning and tacitly encouraging the abuse of police authority, and disregard for the Constitutional rights of citizens, such as Plaintiff.

34.     Plaintiff is informed and believes and thereon alleges that the acts and/or omissions alleged herein are the proximate result of a custom, policy, pattern or practice of deliberate indifference by defendants COUNTY, DOES 1-10 and/or each of them, to the repeated violations of the constitutional rights of citizens by COUNTY Sheriff's Department deputies.

35.     Defendants, together with other COUNTY policymakers and supervisors, maintained, inter alia, the following unconstitutional customs, practices, and policies:

    a) Using excessive force;

    b) Providing inadequate training regarding abusive conduct like that of Defendants LIN, MCDERMOTT, KRAUSE, SARCOS, and DOES 1-10;

    c) Employing and retaining as sheriff's deputies, individuals such as Defendants LIN, MCDERMOTT, KRAUSE, SARCOS, and DOES 1-10, who Defendant COUNTY at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for using excessive force;

    d) Inadequately supervising, training, controlling, assigning, and disciplining

COUNTY sheriff's deputies, and other personnel, including Defendants LIN, MCDERMOTT, KRAUSE, SARCOS, and DOES 1-10, who Defendant COUNTY knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

e) Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling misconduct by COUNTY sheriff's deputies, Defendants LIN, MCDERMOTT, KRAUSE, SARCOS, and DOES 1-10;

f) Failing to adequately discipline COUNTY sheriff's deputies, including LIN, MCDERMOTT, KRAUSE, SARCOS, and DOES 1-10, for the above-referenced categories of misconduct, including "slaps on the wrist," discipline that is so slight as to be out of proportion to the magnitude of the misconduct, and other inadequate discipline that is tantamount to encouraging misconduct;

g) Announcing that sheriff deputy reprehensible behavior is "within policy," including incidents that were later determined in court to be unconstitutional;

h) Maintaining a policy of inaction and an attitude of indifference towards soaring numbers of sheriff deputy misconduct, including by failing to discipline, retrain, investigate, terminate, and recommend sheriff's deputies for criminal prosecution who participate in misconduct.

36. The aforementioned deliberate indifference, customs, policies or practices of defendants COUNTY, DOES 1-10, and/or each of them, resulted in the deprivation of the constitutional rights of the decedent and plaintiff, including, but not limited to the following:

a) The right not to be deprived of life, liberty, or property without Due Process of Law;

b) The right to be free from unreasonable searches and/or seizures; and/or

c) The right to the equal protection of the law;

d) The right to enjoy civil and statutory rights

e) Said rights are substantive guarantees under the Fourth and/or Fourteenth

Amendments to the United States Constitution.

37.     As a result of the violation of their constitutional rights by defendants COUNTY and/or DOES 1-10, Plaintiff SORIA sustained the injuries and/or damages as alleged heretofore in this Complaint.

38. Plaintiff SORIA brings this claim individually and seeks damages under this claim. Plaintiff also seeks attorney's fees under this claim.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### THIRD CLAIM FOR RELIEF
### Denial of Medical Attention
### (42 U.S.C. §1983)

(SORIA against Defendants LIN, MCDERMOTT, KRAUSE, SARCOS, and DOES 1-10)

39.     Plaintiff SORIA re-alleges and incorporates by reference herein paragraphs 1 through 38 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

40.     Sheriff's deputies, including Defendants, have a duty to use reasonable care to prevent harm or injury to others, including a duty to address the medical needs of pretrial detainees. In doing the acts complained of, Defendants, and each of them, acted under color of state law to deprive Plaintiff of urgently needed medical care in violation of his rights, under the Due Process Clause of the Fourteenth Amendment, to receive necessary medical attention while incarcerated by Defendant COUNTY.

41.     Defendants breached this duty of care.  Upon information and belief, the actions and inactions of Defendants were made with deliberate indifference and/or reckless disregard, including but not limited to:

   a) the failure to provide prompt medical care to Decedent PEÑA;
   b) the failure to properly train and supervise employees, both professional and non-professional, including Defendants;

c) the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of Plaintiff SORIA;

d) the deliberate indifference to the handling of evidence and witnesses; and

e) the negligent communication of information during the incident.

42. As an actual and proximate result of said defendants' conduct, Plaintiff suffered injuries and damages as set forth herein.

WHEREFORE, Plaintiff SORIA prays for relief as hereinafter set forth.

## FOURTH CLAIM FOR RELIEF

### Conspiracy to Violate Civil Rights

**(42 U.S.C. §1985)**

(SORIA against Defendants LIN, MCDERMOTT, KRAUSE, SARCOS, and DOES 1-10)

43. Plaintiff SORIA re-alleges and incorporates paragraphs 1 through 42 of this Complaint.

44. Defendants' above-described conduct constituted the tortious acts of assault and battery upon Plaintiff.

45. Defendants, while working as deputies for the COUNTY Sheriff's Department, and acting within the course and scope of their duties, intentionally caused Plaintiff to be doused with feces and urine on several instances. Defendants kicked the cell door of Plaintiff SORIA causing the door to slam shut and break the arm of Plaintiff SORIA. In furtherance of the conspiracy to violate Plaintiff SORIA'S constitutionally protected rights, Defendants sought to fabricate evidence and/or punish Plaintiff for complaining about the Defendants' conspiracy to violate his rights.

46. As a result of the actions of Defendants, Plaintiff SORIA suffered severe pain, discomfort, severe and extreme emotional distress, fear, terror, anxiety, humiliation, and loss of sense of security, dignity, and pride as a United States Citizen. Defendants had no legal justification for their conspiratorial conduct towards Plaintiff SORIA, and their use of force

while carrying out their duties as sheriff's deputies was an unreasonable and unprivileged use of force.

47. Defendants had knowledge of the wrongs conspired to be done and committed and had the power to prevent or aid in preventing the commission of the same. None of the Defendants attempted to prevent and/or stop the violation of Plaintiff's civil rights.

48. Plaintiff SORIA brings seeks both compensatory and punitive damages under this claim and attorney's fees as recoverable pursuant to 42 U.S.C. §1983.

WHEREFORE, Plaintiff SORIA prays for relief as hereinafter set forth.

## FIFTH CLAIM FOR RELIEF

### Violation of the 14th Amendment

**(42 U.S.C. §1983)**

(SORIA against Defendants LIN, MCDERMOTT, KRAUSE, SARCOS, and DOES 1-10)

49) Plaintiff SORIA re-alleges and incorporates paragraphs 1 through 48 of this Complaint.

50) Pursuant to the 14th Amendment, pre-trial detainees have a right to be free of harm, while in the government's custody. Defendant's above-described conduct violated Plaintiff's rights as provided for under the Fourteenth Amendment to the United States Constitution

51) Plaintiff SORIA held a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of life, liberty, or property in such a manner as to shock the conscience.

52) Defendants acted with deliberate indifference by repeatedly and intentionally causing and permitting Plaintiff SORIA to be doused with feces and urine.

53) In committing the acts described above, Plaintiff is informed and believes that Defendants acted with oppression, fraud, or malice, entitling Plaintiff to an award of punitive damages under 42 U.S.C. § 1983.

54) As a direct and proximate cause of Defendants' deprivations and violations of Plaintiff's Fourteenth Amendment rights, Plaintiff has been harmed in an amount according to

proof at the time of trial.

WHEREFORE, Plaintiff SORIA prays for relief as hereinafter set forth.

### SIXTH CLAIM FOR RELIEF

### Violation of the 8th Amendment

### (42 U.S.C. §1983)

(SORIA against Defendants LIN, MCDERMOTT, KRAUSE, SARCOS, and DOES 1-10)

55) Plaintiff SORIA re-alleges and incorporates paragraphs 1 through 54 of this Complaint.

56) Defendants' conduct constituted cruel and unusual punishment. The above described conduct amounted to "deliberate indifference" to Plaintiff's rights and well-being.

57) Moreover, the use of excessive force by Defendants violated the Eighth Amendment prohibition against cruel and unusual punishment, because the force was not used in a good faith effort to maintain or restore order, but was done maliciously or sadistically for the very purpose of causing harm.

WHEREFORE, Plaintiff SORIA prays for relief as hereinafter set forth.

### JURY DEMAND

Plaintiff hereby demands a jury trial in this action.

### PRAYER

WHEREFORE, Plaintiff prays for relief, as follows:

1. For general damages in a sum according to proof;
2. For special damages in a sum according to proof;
3. For punitive damages in a sum according to proof;
4. For injunctive relief enjoining Defendants from authorizing, allowing, or ratifying
5. For reasonable attorney's fees pursuant to 42 U.S.C. § 1988;
6. For cost of suit herein incurred; and

///

7.  For such other and further relief as the Court deems just and proper.

Dated:  October 8, 2018                **LAW OFFICES OF JOHN L. BURRIS**

   ___/s/_*DeWitt M. Lacy*_____

   DeWitt M. Lacy Esq.,
   Attorney for Plaintiff FERNANDO SORIA