JOHN L. BURRIS, ESQ. (SBN 69888)
john.burris@johnburrislaw.com
K. CHIKE ODIWE, ESQ. (SBN 315109)
chike.odiwe@johnburrislaw.com
**THE LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Center
7677 Oakport St., 1120
Oakland, California 94621
Telephone:    (510) 839-5200
Facsimile:    (510) 839-3882

DEWITT M. LACY (SBN 258789)
dewitt.lacy@johnburrislaw.com
**THE LAW OFFICES OF JOHN L. BURRIS**
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212
Telephone: (310) 601-7070
Facsimile: (510) 839-3882

Attorneys for Plaintiff
FERNANDO MIGUIEL SORIA

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO SORIA, an individual, | Case No.: 18-cv-06168-LB |
| Plaintiff, | **PLAINTIFF'S OPPOSITION TO DEFENDANT SARAH KRAUSE'S MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)** |
| v. | |
| ALAMEDA COUNTY, a municipal corporation; JUSTIN LINN, individually and his official capacity as a deputy for the ALAMEDA COUNTY Sheriff's Department; ERIK MCDERMOTT, individually and in his capacity as a deputy for the ALAMEDA COUNTY Sheriff's Department; SARAH KRAUSE, individually and in her capacity as a deputy for the ALAMEDA COUNTY Sheriff's Department; STEPHEN SARCOS, individually and in his capacity as a deputy for the ALAMEDA COUNTY Sheriff's Department; DOES 1-10, inclusive; individually and in their capacities as law enforcement agents and/or personnel for the ALAMEDA COUNTY Sheriff's Department, | Date:            March 14, 2019<br>Time:            9:30 am.<br>Crtrm.           B – 15th Floor<br>Judge:           Hon. Laurel Beeler<br><br>Complaint Filed: October 8, 2018<br>Trial Date:       N/A |

1

| | |
|---|---|
| | Defendants. |

2

## INTRODUCTION

This action for damages against the COUNTY OF ALAMEDA ("COUNTY") and individual Defendants JUSTIN LINN, ERIK MCDERMOTT, SARAH KRAUSE, and STEPHEN SARCOS (collectively and hereinafter "Defendants") was brought pursuant to violations of Title 42 U.S.C §§ 1983, and 1988; the Fourth and Fourteenth Amendments to the United States Constitution. The claims arise from the wrongful arrest, unjustified physical assault, and conspiracy to dehumanize Plaintiff FERNANDO MIGUEL SORIA from August through November of 2016. Plaintiff filed this Complaint on October 8, 2018.

Defendant KRAUSE now move the Court to Dismiss Plaintiff's Complaint for a myriad of reasons, including: Defendant KRAUSE's contention Plaintiff has failure to allege facts sufficient to sustain a claim for relief based on violations of the 4th, 8th, and 14th Amendment. Defendant KRAUSE also argues Plaintiff has failed to state a claim based on a conspiracy to violate Plaintiff's civil rights under U.S.C. section 1985 and other improper or incomplete interpretations of case law not attributable to, or binding on, the long-held practices of this Court.

Plaintiff submits that he properly alleges multiple violations of 42 U.S.C. section 1983 against Defendant KRAUSE for using excessive force and conspiring to violate Plaintiff's civil rights under U.S.C. section 1985 with Defendants JUSTIN LINN, ERIK MCDERMOTT, and STEPHEN SARCOS.  To this end, Plaintiff urges that any defects in pleading can easily be remedied by amending the Complaint.  As such, this Court should deny Defendants' Motion to Dismiss or, in the alternative, grant Plaintiff leave to amend the Complaint.

## STATEMENT OF FACTS

The events that give rise to this litigation occurred during the times of August through November of 2016. Plaintiff is a resident of COUNTY with a history of depression and other psychological disorders. During the latter part of the month of August in 2016, Plaintiff SORIA went to John George Psychiatric Pavilion located at 2060 Fairmont Drive, in San Leandro, California for the purpose of obtaining a refill for medication prescribed to Plaintiff to treat depression.

While at the John George facility Plaintiff attempted to explain to John George staff his desire to have his prescription refilled. John George employees attempted to sedate Plaintiff by giving him a shot of some sort. Plaintiff SORIA objected to the administration of sedative medication and a struggle between Plaintiff SORIA and John George staff ensued.

During the struggle, COUNTY Sheriff's deputies were called to make an arrest of Plaintiff SORIA for a violation of California Penal Code section 148(a)(1), resisting, delaying, or obstructing an officer in the performance of their duties. SORIA protested his arrest to the deputies. COUNTY deputies acted in a retaliatory manner and took SORIA into custody. Thereafter, SORIA was brought to Santa Rita Jail, located at 5325 Broder Boulevard, in Dublin, California. SORIA was initially housed in an isolation cell for at least two days before being taken to Housing Unit 2, F-pod, in the east wing, better known to inmates as, administrative segregation.

On several evenings between September and November of 2016, several deputies, including Defendant deputies LIN, MCDERMOTT, KRAUSE, and SARCOS conspired a hellacious and despicable plot to "gas" SORIA, or douse SORIA with urine and feces, from a plastic shampoo bottle filled with urine and feces. Defendants conspired, and did in fact, open the cell door housing SORIA and the cell door of another inmate known as "Preacher." Defendant deputies convinced and directed Preacher to gas SORIA when the Defendant deputies opened the cell door. SORIA was not allowed to shower afterwards and could only clean himself and his clothes with the water from the toilet within his cell.

On one occasion, after Defendant SORIA was gassed at the direction and with the knowledge of Defendant deputies, Defendant deputies LIN, MCDERMOTT, KRAUSE, and SARCOS refused to provide SORIA clean clothes for two (2) to three (3) days.

On another occasion, SORIA attempted to close his door after Defendant deputies opened his handcuffing port, ostensibly to allow Preacher to gas SORIA. Defendant LIN, MCDERMOTT, KRAUSE, and/or SARCOS kicked the door shut while SORIA'S arm was extended through the handcuffing port causing SORIA to suffer a severely broken arm. SORIA was not allowed to receive medical attention for approximately one (1) week despite his several complaints of pain

2

and injury.

On another occasion, after Defendant deputies caused SORIA to be doused with feces and urine, Defendant MCDERMOTT took SORIA'S dirty clothes but refused to provide SORIA with clean clothes despite SORIA'S protest. On that occasion, there was no mat in SORIA'S cell to sleep on and SORIA was forced to sleep on a concrete floor with no blanket.

On yet another occasion, in which Defendant deputies caused the gassing of SORIA, SORIA was again doused in urine and feces and not allowed to clean himself or his clothes. The gassing caused SORIA to vomit and convulse.

A civilian employee at Santa Rita Jail was working in the Control Booth of Housing Unit 2 with Defendant LINN on more than one (1) but less than five (5) occasions when they observed Defendant LIN release Preacher from his cell while the handcuffing ports on SORIA'S cell door were left open inside F-pod. The civilian employee watched Preacher discharge the contents of containers into SORIA'S occupied cell. Preacher was known to spray urine and feces into open handcuffing ports left open on the days that Defendants LIN, MCDERMOTT, KRAUSE, and SARCOS worked in Housing Unit 2.

SORIA observed one of the occasions where Defendant LIN unlocked Preacher's cell door and lead Preacher out of his cell while Preacher was unrestrained to another cell door on the upper tier. SORIA observed Defendant LIN unlock the handcuffing port of the cell on the upper tier. SORIA observed Preacher dispense something into the occupied cell through the handcuffing port. Later, the inmate who was housed in the cell, told investigators Preacher had gassed him with feces and urine. Preacher admitted to investigators that he doused the inmate with feces and urine and later admitted the gassing was planned with the help of Defendants KRAUSE and SARCOS. Preacher also admitted the conspirators' intent was that Preacher gas SORIA, but mistakenly gassed the wrong inmate.

After the initial Investigation Defendant LIN spoke to an inmate worker who normally worked on Defendant LIN and MCDERMOTT'S shift in Housing Unit 2. LIN spoke privately with the inmate worker and asked if the inmate worker would tell other inmates who knew of

SORIA that SORIA was a snitch in an attempt to dissuade SORIA from cooperating with law enforcement. However, the inmate worker declined to do so.

Defendants KRAUSE and SARCOS admitted to the conspiracy and were arrested for Assault and Battery on August 30, 2017 and August 31, 2017, respectively. Defendants LIN, MCDERMOTT, KRAUSE, and SARCOS are now currently facing criminal prosecution by the Alameda County District Attorney's office.

SORIA contracted hepatitis C and significant emotional distress because of the reprehensible conduct of Defendants LIN, MCDERMOTT, KRAUSE, and SARCOS.

## ARGUMENT

### A. STANDARD OF REVIEW

Dismissal under Rule 12(b)(6) can be based on "the lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, at 699 (9th Cir. 1990). A complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement—to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003); Fed.R.Civ.P., Rule 8(a)(2). For a complaint to sufficiently state a claim, its "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While specific facts are not necessary so long as the complaint gives the defendant fair notice of the claim and the grounds upon which the claim rests, a complaint must nevertheless "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*Iqbal's* plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," but does not go so far as to impose a "probability requirement." *Id*. Rule 8 demands more than a complaint that is merely consistent with a defendant's liability—labels and conclusions, or formulaic recitals of the elements of a cause of action do not suffice. *Id*. Instead, the complaint must allege sufficient underlying facts to provide fair notice and enable the defendant to defend itself effectively. *Starr v. Baca*, 652 F.3d 1202, at 1216 (9th Cir. 2011). The

4

determination whether a complaint satisfies the plausibility standard is a "context specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

When considering a FRCP, Rule 12(b)(6) motion, a court is generally limited to the pleadings and must construe "[a]ll factual allegations set forth in the complaint...as true and...in the light most favorable to [the plaintiff]." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). Conclusory allegations, unwarranted deductions of fact, and unreasonable inferences need not be blindly accepted as true by the court. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Yet, a complaint should be dismissed only if "it appears beyond doubt that the plaintiff can prove no set of facts" supporting plaintiff's claim for relief. *Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).

If the Court determines that the Complaint should be dismissed, it must then decide whether to grant leave to amend. Leave to amend "shall be freely given when justice so requires." Federal Rule Civil Procedure, Rule 15(a); see *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (when a Rule 12(b)(6) motion is granted, leave to amend is ordinarily denied only when it is clear that the deficiencies of the complaint cannot be cured by amendment). When considering whether plaintiff has stated a claim upon which relief can be granted, this Court accepts as true all allegations of material fact in the complaint and construes them in the light most favorable to plaintiff. *See*, *McGary v. City of Portland*, 386 F.3d 1259, 1261 (9th Cir. 2004); *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980).

### B. PLAINTIFF'S PLEADING OF § 1983 VIOLATIONS ARE PROPER

*Plainitff's 1st, 5th, and 6th Causes of Action*

In his Complaint, Plaintiff properly alleges on one occasion, "Defendant LIN, MCDERMOTT, KRAUSE, and/or SARCOS kicked the door shut while SORIA'S arm was extended through the handcuffing port causing SORIA to suffer a severely broken arm" in violation of his civil rights guaranteed by the 14th Amendment of the United States Constitution. (*See* Doc. No. 1, ¶¶ 16, 30.) This egregiously abusive action serves as one of the basis for Plaintiff's

5

first cause of action. Plaintiff's Fifth and Sixth causes of action are predicated upon Defendant KRAUSE's participation in the gassing of Plaintiff several times over the course of four months. Specifically, Plaintiff alleges Defendant KRAUSE participated in several instances of a hellacious plot to gas Plaintiff with a cocktail of feces and urine. (*See* Doc. No. 1, ¶ 14.) Defendant's contention that Plaintiff is obligated to specifically allege that only Defendant KRAUSE perpetrated these abuses of Plaintiff's civil rights is a misapplication of well settled law and practice in this Court. To the contrary, this Court must construe all factual allegations set forth in the complaint as true and in a light most favorable to the Plaintiff. So, this Court must construe Plaintiff's Complaint to mean that Defendant KRAUSE was in fact the person who kicked or caused the handcuffing port to close on Plaintiff's arm causing him to suffer a severely broken arm and that Defendant KRAUSE participated in the plot to cause Plaintiff to be doused with the mixture of urine and fecal matter.

The instant fact pattern is easily distinguishable from the case that Defendant KRAUSE heavily relies upon, *Leer v. Murphy*. In *Leer*, inmates appealed a grant of summary judgment from their allegations that prison officials failed to administer the prison facilities in a manner that protected their right to be free from their 14th Amendment right to Due Process and their 8th Amendment right to be free from cruel and unusual punishment. *Leer v. Murphy*, 844 F.2d 628 (9th Cir. 1988). First, the present question is not one of summary judgment, but of notice pleading. It cannot be reasonably argued Defendant KRAUSE does not have notice that Plaintiff believes and contends that she either kicked or forced the handcuffing port of Plaintiff's cell to close in such a manner that it caused Plaintiff to suffer a severely broken arm. Neither can Defendant reasonably argue she has not been put on notice that Plaintiff contends that she participated in the gassing of Plaintiff on several occasions between August and November of 2016. Defendant instead attempts to make her motion into a premature motion for summary judgment arguing factual contentions that must be taken in Plaintiff's favor at this point. However, that is improper at this stage in the litigation, and the Court should deny Defendant's motion.

However, even assuming arguendo, the Court considered Defendant KRAUSE's improper

summary judgment argument legitimate, there is a simple remedy by allowing Plaintiff to amend the pleadings to include a specific reference to Defendant KRAUSE's integral participation in the act that caused Plaintiff's severely broken arm. Therefore, Defendant's motion should be denied on this point.

*Plaintiff's 3rd Cause of Action*

Plaintiff's third cause of action relates to Defendant KRAUSE's failure to render medical aid or allow Plaintiff to receive medical aid for the broken arm caused by actions specifically discussed in Plaintiff's First Cause of Action. Plaintiff properly pleads and incorporates paragraphs 1 through 38 by reference, including paragraph 16 which states Plaintiff "SORIA was not allowed to receive medical attention for approximately one (1) week despite his several complaints of pain and injury." (*See* Doc. No. 1, ¶ 16.) Plaintiff contends, Defendant KRAUSE knew Plaintiff had a severely broken arm and was not allowed to receive or given medical treatment during that time. There is again no reasonable argument that Defendant has not been put on notice of Plaintiff's contentions. Moreover, if this Court finds Defendant's argument convincing, an amendment to the pleadings can provide a quick cure of any minor defects in the pleading.

### C. PLAINTIFF'S PLEADING OF § 1985 VIOLATION IS PROPER

Plaintiff's Fourth cause of action is based on the conspiracy to violate Plaintiff's civil rights. Again, taking all the pleadings in a light most favorably to Plaintiff. Plaintiff again incorporates by reference paragraphs 1 through 42 into the specific pleading regarding conspiracy under U.S.C. section 1985. This means the Court must take Plaintiff's pleading that Defendant KRAUSE, in conspiracy with the other named defendants, specifically and intentionally caused Plaintiff to be doused with feces and urine, that Defendant KRAUSE specifically and intentionally caused a handcuffing port to slam closed on Plaintiff's arm causing a severe break, and that Defendant KRAUSE participated in the fabrication of evidence and/or punished Plaintiff for complaining about the brutish behavior of Defendants. Accordingly, Defendant's motion must be denied on this point as well.

### CONCLUSION

Plaintiff submits that Defendants' various other attacks are to the form of the Complaint and not its substance. As discussed previously, perfection in pleading is not required; however, in the interest of clearing up any confusion, Plaintiff seeks leave to amend the Complaint to cure any defects in the form of the pleading and to clear-up any confusion, eliminate any unintended claims alleged therein, and otherwise remedy any other pleading deficiencies this Court ascribes.

Respectfully Submitted,

Dated: January 3, 2019         **THE LAW OFFICES OF JOHN L. BURRIS**

By:  /S/DeWitt M. Lacy
     DeWitt M. Lacy
     Attorneys for Plaintiff
     FERNANDO MIGUEL SORIA