1
2
3
4
5
6
7

8  UNITED STATES DISTRICT COURT

9  NORTHERN DISTRICT OF CALIFORNIA

10  SAN FRANCISCO DIVISION

11  FERNANDO MIGUEL SORIA,            Case No. 18-cv-06168-LB

12       Plaintiff,

13    v.                              **ORDER SETTING ASIDE DEFAULT**

14  COUNTY OF ALAMEDA, et al.,        Re: ECF No. 31

15       Defendants.

16

17                        **INTRODUCTION**

18       The plaintiff — after initially trying to serve the defendant (and former Alameda County

19  deputy sheriff) Justin Linn through the internal-affairs front-desk officer — ultimately served him

20  personally on January 6, 2019.[1] He did not appear, and on January 29, 2019, the plaintiff moved

21  for entry of default, which the clerk entered on February 1, 2019.[2] Mr. Linn now moves to set

22  aside the entry of default.[3] The court can decide the motion without oral argument, *see* Civ. L. R.

23  7-1(b), and for good cause, sets aside the default.

24

25  ───────────────
    [1] Proofs of Service – ECF No. 11 and 20. Citations refer to material in the Electronic Case File
26  ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents. The court
    ordered personal service because the defendant was a former employee. Clerk's Notice – ECF No. 19.

27  [2] Mot. – ECF No. 27; Clerk's Entry of Default – ECF No. 30.

    [3] Mot. – ECF No. 31.
28

ORDER – No. 18-cv-06168-LB

**STATEMENT**

The following additional facts are relevant to the motion.

Mr. Linn gave a copy of the complaint to his criminal-defense attorney, who tendered Mr. Linn's defense to the County of Alameda on January 10, 2019.[4] The County accepted the tender on January 15, 2019 with a reservation of rights and sent notice to Mr. Linn at his former address in Tracy, California.[5] On January 16, 2019, the County informed Mark Berry that he had been selected to represent Mr. Linn, and Mr. Berry sent Mr. Linn a letter on January 17, 2019, also to the Tracy address.[6]

On January 29, 2019, the plaintiff asked for entry of default, and the County informed Mr. Berry.[7] That day, Mr. Linn contacted Mr. Berry, accepted his representation, and told him he no longer lived in Tracy and had relocated to Southern California.[8] Mr. Berry then asked the plaintiff's counsel to stipulate to set aside the default, and he refused.[9] Mr. Linn then moved to set aside the entry of default.[10]

**GOVERNING LAW**

The district court has discretion to set aside a default or a default judgment. Fed. R. Civ. P. 55(c), 60(b); *Brandt v. Am. Bankers Ins. of Florida*, 653 F.3d 1108, 1111-12 (9th Cir. 2011). More specifically, under Rule 55(c), a court may set aside an entry of default for "good cause." *See United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010). To determine whether a defendant has shown good cause to justify vacating entry of default, a court considers three factors: (1) whether the defendant engaged in culpable conduct that led to the default; (2) whether the defendant lacked a meritorious defense; and (3) whether

---

[4] Berry Decl. – ECF No. 31-1 at 2 (¶ 8).

[5] *Id.* (¶¶ 9–10).

[6] *Id.* (¶¶ 11, 13).

[7] *Id.* (¶ 15).

[8] *Id.* (¶ 17).

[9] *Id.* (¶¶ 18–19).

[10] Mot. – ECF No. 31.

reopening the default would prejudice the plaintiff. *See id.* (citing *Franchise Holding II, LLC v. Huntington Rests. Group., Inc.*, 375 F.3d 922, 925 (9th Cir. 2004)). This standard is disjunctive, meaning the court may deny the request to vacate default if any of the three factors is true. *See id.* (citing *Franchise Holding II*, 375 F.3d at 925). "Crucially, however, 'judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits.'" *Id.* (quoting *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)).

The standard is the same standard used to determine whether a default judgment should be set aside under Federal Rule of Civil Procedure 60(b), except that in the Rule 55(c) context, courts have greater discretion and can apply the standard more liberally to grant relief from entry of judgment because there is no interest in the finality of the judgment. *See id.* at 1092 n.1 (citations omitted); *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001); *Hawaii Carpenters' Trust Fund v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986); *Mendoza v. Wight Vineyard Mgmt*, 783 F.2d 941, 945 (9th Cir. 1986). When considering whether to vacate entry of default under Rule 55(c), the court's "underlying concern . . . is to determine whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Hawaii Carpenters' Trust Fund*, 794 F.2d at 513 (9th Cir. 1986). The inquiry "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Brandt*, 653 F.3d at 1111 (quoting *Pioneer Inv. Servs. Co. v. Brunswick Ass'n Ltd.,* 507 U.S. 380, 395 (1993)). The decision ultimately lies in the discretion of the court. *Brandt*, 653 F.3d at 1111-12.

As the party seeking to set aside entry of default, a defendant bears the burden of showing good cause under this test. *Hawaii Carpenters' Trust Fund*, 794 F.2d at 513-14. To ensure that cases are decided on the merits whenever possible, the court resolves any doubt regarding whether to grant relief in favor of vacating default. *O'Connor v. Nevada*, 27 F.3d 357, 364 (9th Cir. 1994).

**ANALYSIS**

**1. Culpability**

"'A defendant's conduct is culpable if he has received actual or constructive notice of the filing of an action and *intentionally* failed to answer.'" *Mesle*, 615 F.3d at 1092 (quoting *TCI*, 244 F.3d at 697) (emphasis in the original). "Intentionally" means that a movant is not culpable merely for making a conscious choice not to answer. *Id.* (*quoting TCI*, 244 F.3d at 697). Instead, to treat a failure to answer as culpable, the movant must act with bad faith, such as with "'an intention to take advantage of the opposing party, interfere with judicial decision[-]making, or otherwise manipulate the legal process.'" *Id.* (*quoting TCI Group*, 244 F.3d at 697). For that reason, the Ninth Circuit has "'typically held that a defendant's conduct was culpable for purposes of the [good cause] factors where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond.'" *Id.* (*quoting TCI Group*, 244 F.3d at 698). By contrast, a defendant's mere negligent failure to file an answer is insufficient to establish culpability under this factor. *TCI Group*, 244 F.3d at 697.

The plaintiff's main argument is that the new address was on the proof of service.[11] While that observation is correct, the conduct here was unintentional and is not devious, deliberate, willful, or in bad faith. The conduct is not culpable.

**2. Meritorious Defense**

A defendant must allege "specific facts" that, if true, would constitute a defense. *See Mesle*, 615 F.3d at 1094 (citing *TCI Group*, 244 F.3d at 700). The burden on the defendant is "not extraordinarily heavy," but "[a] 'mere general denial without facts to support it' is not enough to justify vacating a default or default judgment." *Mesle*, 615 F.3d at 1094 (citing *TCI Group*, 244 F.3d at 700); *Franchise Holding II*, 375 F.3d at 926.

A plain reading of the complaint and the record show that there are fact challenges to the plaintiff's claims.

---

[11] Opp. – ECF No. 40 at 4.

### 3. **Unfair Prejudice**

The final factor is whether setting aside the default prejudices the plaintiff. Prejudice is more than "simply delaying the resolution of the case" and instead is whether the plaintiff's "ability to pursue his claims will be hindered." TCI, 244 F.3d at 701 (internal quotations omitted). "[T]he delay must result in tangible harm such as a loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." *Id.* By contrast, merely requiring a plaintiff to litigate the merits of a case is not prejudice under the third prong. *Id.* As the Ninth Circuit has held, "A default judgment gives the plaintiff somewhat of a windfall by sparing her from litigating the merits of her claim because of her opponent's failure to respond; vacating the default merely restores the parties to an even footing in the litigation." *Id.*

The record here does not establish that the brief delay here causes the plaintiff any prejudice.

## CONCLUSION

The court sets aside the entry of default. This disposes of ECF No. 31.

**IT IS SO ORDERED.**

Dated: March 12, 2019

_____
LAUREL BEELER
United States Magistrate Judge