United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| FERNANDO MIGUEL SORIA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF ALAMEDA, et al.,<br><br>　　　　Defendants. | Case No. 18-cv-06168-LB<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT SARA KRAUSE'S MOTION TO DISMISS**<br><br>Re: ECF No. 25 |

## INTRODUCTION

In his complaint, the plaintiff claims that four Alameda County deputy sheriffs violated his civil rights by causing another inmate to douse him with feces and urine, spraying him with mace, breaking his arm, and denying him medical attention, in violation of the Fourth and Fourteenth Amendments to the United States Constitution and (in one claim) the Eighth Amendment.[1] One defendant is former deputy Sarah Krause, who moves to dismiss the claims against her under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.[2] The court can decide the motion without oral argument. *See* Civ. L. R. 7-1(b). The court denies the motion to dismiss

---

[1] Compl. – ECF No. 1. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Mot. – ECF No. 25.

ORDER – No. 18-cv-06168-LB

except that it grants the motion to dismiss the Eighth Amendment claim because as a pretrial detainee, the plaintiff cannot bring a claim under the Eighth Amendment.

**STATEMENT**

Mr. Soria has a "history of depression and other psychological disorders."[3] In August 2016, he went to John George Psychiatric Pavilion in San Leandro, California, to refill a prescription prescribed to treat depression.[4] The staff there tried to sedate him by giving him a shot, and he objected and struggled with the staff.[5] Alameda County Sheriff's deputies responded and arrested Mr. Soria for resisting arrest in violation of California Penal Code § 148(a)(1), took him into custody, and booked him into Santa Rita (Alameda County) Jail.[6] Mr. Soria was housed in an isolation cell for "at least two days" and then was taken to administrative segregation.[7]

"On several evenings between September and November of 2016," four deputies — Justin Linn, Erik McDermott, Stephen Sarcos, and Sarah Krause — conspired to have another inmate known as "Preacher" "gas" (or douse) Mr. Soria with urine and feces from a shampoo bottle.[8] They did this by opening the doors to the two inmates' cells and convincing Preacher to gas Mr. Soria.[9] Mr. Soria was not allowed to shower and had to clean himself and his clothes with water from the toilet in his cell.[10] After one gassing incident, the four deputies did not provide Mr. Soria with clean clothes for two to three days.[11]

---

[3] Compl. – ECF No. 1 at 4 (¶ 11).
[4] *Id.*
[5] *Id.* (¶ 12).
[6] *Id.* (¶ 13).
[7] *Id.*
[8] *Id.* (¶ 14).
[9] *Id.*
[10] *Id.*
[11] *Id.* at 5 (¶ 15).

Another time, Mr. Soria tried to close his door after the deputies opened his handcuffing port "ostensibly to allow Preacher to gas" him.[12] Deputies Lin, McDermott, Krause, "and/or" Sarcos kicked the port shut while Mr. Soria's arm was extended through it, breaking his arm.[13] Mr. Soria did not receive medical attention for a week, despite his several complaints of pain and injury.[14]

Another time, Deputy McDermott sprayed mace on Mr. Soria's chest while he was lying down.[15] Mr. Soria protested the treatment, was not allowed to wash the mace off, and could only "wash his clothes in the sink during 'yard time.'"[16]

Another time, after the deputies caused Mr. Soria "to be doused with feces and urine," Deputy McDermott took Mr. Soria's dirty clothes but refused to give him clean ones.[17] On that occasion, there was no mat in his cell, so Mr. Soria slept on the concrete floor with no blanket.[18]

On another occasion, the deputies caused a gassing of Mr. Soria, who was doused in urine and feces and not allowed to clean himself, and as a result, vomited and convulsed.[19]

On "more than one but less than five occasions," a civilian employee saw Deputy Linn "release Preacher from his cell while the handcuffing ports on [Mr. Soria's] cell were left open."[20] The civilian employee saw Preacher gas Mr. Soria.[21] Preacher was "known to spray urine and feces" into open handcuffing ports on days that Deputies Lin, McDermott, Krause, and Sarcos worked in the housing unit.[22]

---

[12] *Id.* (¶ 16).
[13] *Id.*
[14] *Id.*
[15] *Id.* (¶ 17).
[16] *Id.*
[17] *Id.* (¶ 18).
[18] *Id.*
[19] *Id.* (¶ 19).
[20] *Id.* (¶ 20).
[21] *Id.*
[22] *Id.*

One time, Mr. Soria watched Deputy Linn lead Preacher out of his cell (unrestrained) to another cell door on the upper tier of the housing unit.[23] Deputy Linn unlocked the handcuffing port of the door, and Preacher "dispense[d] something into the occupied cell through the handcuffing port."[24] Later, the inmate from that cell told investigators that Preacher gassed him with feces and urine.[25] Preacher admitted to investigators that he doused the other prisoner with feces and urine and "later admitted that the gassing was planned with the help of Defendants Krause and Sarcos."[26] "Preacher also admitted the conspirators' intent was that Preacher gas Soria, but mistakenly gassed the wrong inmate."[27]

"After the initial Investigation," Deputy Lin spoke to an inmate worker and asked him to tell other inmates that Mr. Soria was "a snitch in an attempt to dissuade Soria from cooperating with law enforcement.[28] However, the inmate worker declined to do so."[29]

Deputies Krause and Sarcos "admitted to the conspiracy and were arrested for Assault and Battery" in August 2017.[30] The Alameda County District Attorney is prosecuting Deputies Lin, McDermott, Krause, and Sarcos.[31] The criminal complaint charges defendant Krause only in Count Seven, which charges the assault of Johnny Jerome Bowie (not Mr. Soria).[32]

Mr. Soria contracted Hepatitis C while in jail.[33]

---

[23] *Id.* at 5–6 (¶ 21).

[24] *Id.*

[25] *Id.*

[26] *Id.*

[27] *Id.*

[28] *Id.* at 6 (¶ 22).

[29] *Id.*

[30] *Id.* (¶ 23).

[31] *Id.*

[32] Criminal Complaint – ECF No. 48; Req. for Judicial Notice – ECF No. 25-2. The court takes judicial notice of the complaint, which is a public record, and also can consider the complaint under the incorporation-by-reference doctrine. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001); *Knievel v. ESPN,* 393 F.3d 1068, 1076–77 (9th Cir. 2005).

[33] Compl. – ECF No. 1 at 6 (¶ 24).

Mr. Soria brings five claims against the four deputies, including Ms. Krause, who moves to dismiss the claims under Federal Rule of Civil Procedure 12(b) for failure to state a claim.[34] The claims are as follows: (1) **claim one:** excessive force for breaking his arm, in violation of the Fourth Amendment to the U.S. Constitution; (2) **claim three:** denial of medical attention in violation of the Fourteenth Amendment; (3) **claim four**: conspiracy to violate his civil rights based on all of the conduct; (4) **claim five**: deliberate indifference in violation of the Fourteenth Amendment based on all of the conduct; and (5) **claim six**: deliberate indifference in violation of the Eighth Amendment based on all of the conduct.[35]

## STANDARD OF REVIEW

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief" to give the defendant "fair notice" of what the claims are and the grounds upon which they rest. *See* Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint does not need detailed factual allegations, but "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a claim for relief above the speculative level[.]" *Id.* (internal citations omitted).

To survive a motion to dismiss, a complaint must contain sufficient factual allegations, which when accepted as true, "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 557). "Where a complaint pleads facts that are

---

[34] Compl. – ECF No. 1 at 7–13 (¶¶ 28–57); Mot. – ECF No. 25 at 2. Defendants Erik McDermott and Stephen Sarcos answered the complaint. Answers – ECF Nos. 24 and 35. On March 12, 2019, the court set aside the clerk's entry of default against Justin Linn, who has not yet filed his responsive pleading. Order – ECF No. 51.

[35] Compl. – ECF No. 1 at 7–13 (¶¶ 28–57).

ORDER – No. 18-cv-06168-LB          5

merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (internal quotation marks omitted) (quoting *Twombly*, 550 U.S. at 557).

If a court dismisses a complaint, it should give leave to amend unless the "the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).

**ANALYSIS**

The court denies the motion to dismiss claims one, three, four, and five and grants the motion to dismiss claim six.

First, claim one charges excessive force. The Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment. *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015) (citing *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989)). Although protected by the Due Process Clause, the Fourth Amendment "sets the applicable constitutional limitations for considering claims of excessive force during pretrial detention." *Gibson v. Cnty. of Washoe*, 290 F.3d 1175, 1197 (9th Cir. 2002) (internal quotation omitted), *overruled on other grounds by Castro v. Cnty, of Los Angeles,* 833 F.3d 1060 (9th Cir. 2016).[36] The defendant claims that the complaint does not allege sufficient facts about her use of excessive force. The court disagrees. Among other facts, Mr. Soria alleged that the four deputies opened the handcuffing port to allow Preacher to gas him and then kicked it shut, breaking his arm.[37] The defendant nonetheless argues that it is not logical that all deputies kicked the port, thereby breaking his arm.[38] But at the pleadings stage, the court cannot conclude as a matter of law that Mr. Soria necessarily saw which deputy kicked the door. The allegations give fair notice of the claim and the grounds for it.

---

[36] For this reason, the defendant's argument — that the claim fails because it was brought under the Fourth Amendment, not the Fourteenth Amendment — fails. *See* Opp. – ECF No. 25-1 at 10.

[37] Compl. – ECF No. 1 at 5 (¶ 16).

[38] Mot. – ECF No. 25-1 at 10–11.

Second, claim three charges that after the deputies kicked the port door and broke Mr. Soria's arm, they failed to give him medical attention for over a week.[39] Deliberate indifference to a pretrial detainee's serious medical needs violates the Fourteenth Amendment's Due Process Clause. *Id.* at 1187 (citing *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). The defendant claims that the plaintiff has not pleaded facts specific to her showing a sufficiently culpable state of mind in denying medical care.[40] At the pleadings stage, the allegations about causing a broken arm and leaving it untreated are sufficient to give notice of the claims. The fact issues surrounding responsibility and a sufficiently culpable mind are better addressed at summary judgment. (As the plaintiff points out, *Leer v. Murphy*, 844 F.2d 628 (9th Cir. 1988), is a summary-judgment case.[41])

Third, claim four charges conspiracy to violate Mr. Soria's civil rights. The defendant moves to dismiss it in part on the ground that an element of a claim under 42 U.S.C. § 1985 is racial or class-based animus.[42] *See Griffin v. Brekenridge*, 403 U.S. 88, 101–02 (1971). Technically, the caption references 42 U.S.C. § 1985.[43] But the claim references § 1983.[44] Conspiracy is not itself a constitutional tort under 42 U.S.C. § 1983. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 935 (9th Cir. 2012) (en banc). It does not enlarge the nature of the claims asserted by the plaintiff, as there must always be an underlying constitutional violation. *Id.* Nonetheless, conspiracy may enlarge the pool of responsible defendants by demonstrating their causal connection to the violation; the fact of the conspiracy may make a party liable for the unconstitutional actions of the party with whom he has conspired. *Id.* Conspiracy in § 1983 actions is usually alleged by plaintiffs to draw in private parties who would otherwise not be susceptible to a § 1983 action because of the state action doctrine, or to aid in proving claims against otherwise tenuously connected parties in a complex

---

[39] Compl. – ECF No. 1 at 5 (¶ 16).
[40] Mot. – ECF No. 25-1 at 11–12.
[41] Opp. – ECF No. 34 at 8.
[42] Mot. – ECF No. 25-1 at 14.
[43] Compl. – ECF No. 1 at 11, line 12.
[44] *Id.* at 12, line 7.

case. *Id.* Here, the fact allegations are that the defendants acted in concert and, at the pleadings stage, give notice of the claims.

Fourth, claim five charges deliberate indifference in violation of the Fourteenth Amendment based on the deputies' conduct. The Fourteenth Amendment's substantive due-process clause protects against the arbitrary or oppressive exercise of government power. *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 845–46 (1998). "Only official conduct that 'shocks the conscience' is cognizable as a due process violation." *Porter v. Osborn*, 546 F.3d 1131, 1137 (9th Cir. 2008) (quoting *Lewis*, 523 U.S. at 846). At the pleadings stage, the fact allegations meet this standard and give notice of the claims.

Fifth, claim six charges deliberate indifference in violation of the Eighth Amendment based on the deputies' conduct. As a pretrial detainee, Mr. Soria's claim for his injuries arises under the Fourteenth Amendment's Due Process Clause, not the Eighth Amendment. *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1067–68 (9th Cir. 2016) (en banc) (citing *Wolfish*, 441 U.S. at 535). The plaintiff does not address the issue in the opposition, instead addresses claims five and six together, references only the Fourteenth Amendment, and predicates both claims on the same facts.[45] The plaintiff thus does not dispute that the claim arises under the Fourteenth Amendment. The court dismisses claim six, which in any event duplicates claim five (the Fourteenth Amendment claim) in that both are predicated on the same conduct.[46]

## CONCLUSION

The court grants the motion to dismiss claim six, the Eighth Amendment claim, and otherwise denies the motion to dismiss. This disposes of ECF No. 25.

**IT IS SO ORDERED.**

Dated: March 16, 2019

LAUREL BEELER
United States Magistrate Judge

---

[45] Opp. – ECF No. 34 at 7–8.

[46] Compl. – ECF No. 1 at 12–13 (¶¶ 49, 52–53, 55, 57).