JOHN L. BURRIS, ESQ. (SBN 69888)
john.burris@johnburrislaw.com
K. CHIKE ODIWE, ESQ. (SBN 315109)
chike.odiwe@johnburrislaw.com
**THE LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Center
7677 Oakport St., 1120
Oakland, California 94621
Telephone:      (510) 839-5200
Facsimile:      (510) 839-3882

DEWITT M. LACY (SBN 258789)
dewitt.lacy@johnburrislaw.com
**THE LAW OFFICES OF JOHN L. BURRIS**
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212
Telephone: (310) 601-7070
Facsimile: (510) 839-3882

Attorneys for Plaintiff
FERNANDO MIGUIEL SORIA

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FERNANDO SORIA, an individual,<br><br>Plaintiff,<br>v.<br><br>ALAMEDA COUNTY, a municipal corporation; JUSTIN LINN, individually and his official capacity as a deputy for the ALAMEDA COUNTY Sheriff's Department; ERIK MCDERMOTT, individually and in his capacity as a deputy for the ALAMEDA COUNTY Sheriff's Department; SARAH KRAUSE, individually and in her capacity as a deputy for the ALAMEDA COUNTY Sheriff's Department; STEPHEN SARCOS, individually and in his capacity as a deputy for the ALAMEDA COUNTY Sheriff's Department; DOES 1-10, inclusive; individually and in their capacities as law enforcement agents and/or personnel for the ALAMEDA COUNTY Sheriff's Department, | CASE NO.:   3:18-cv-06168-LB<br><br>**EX PARTE PETITION TO APPROVE SETTLEMENT OF CLAIMS** |

EX PARTE PETITION TO APPROVE SETTLEMENT AND [PROPOSED] ORDER                3:18-cv-06168-LB

1

Defendants.

Petitioner CONNIE MARTINEZ respectfully represents:

1. Petitioner CONNIE MARTINEZ is the natural mother of plaintiff FERNANDO SORIA;

2. MARTINEZ was appointed as Guardian ad Litem to plaintiff SORIA by this Court on March 19, 2019 (Docket No. 56).

3. Plaintiff SORIA was born on February 6, 1971 and is presently 48 years old.

4. Plaintiff SORIA has a cause of action for the use of excessive force, in addition to causes of action for violations of the Eighth and Fourteenth Amendments of the U.S. Constitution against the named defendants herein on which a lawsuit was brought in this court.

5. Plaintiffs' causes of action arise out of events that occurred from August 2016 through November 2016.

6. The parties in this case have reached settlement in this matter. The total settlement of the case is in the amount of $950,000.00, including all costs and attorneys' fees.

7. Attorney fees for Plaintiff SORIA shall be at 40% each of his total gross recovery, in the amount of $380,000.00, pursuant to the contingency fee agreement in this case plus.

    a. Legal costs in this matter totaled $5,000.00.

8. The parties have agreed on apportionment of the settlement. Of the total gross settlement amount, Plaintiff SORIA'S gross settlement shall be $565,000.00 after deducting litigation costs and attorney's fees.

9. By way of settlement, Defendant and/or Insurer has offered to pay the following sums to Plaintiff SORIA:

    a. $200,000.00 - Payable to CPT Institute #6540-5745 fbo Fernando Miguel Soria to establish a Special Needs Trust of which, no more than $45,000.00 will be allocated for transportation or the purchase of a vehicle for Fernando Miguel SORIA, and $75,000.00 will be allocated the shelter or the purchase of a home residence for Fernando Miguel SORIA.

    b. $365,000.00 - Payable to New York Life Insurance Company to provide future periodic payments for Fernando SORIA (Plaintiff) on the dates and in the amounts indicated hereafter (the "Periodic Payments"):

        i. $1,527.37 - Payable to CPT Institute #6540-5745 fbo Fernando Miguel Soria ("Payee") monthly for the life of Fernando Miguel SORIA, guaranteed 20 years, beginning on January 1, 2020. The last guaranteed payment will be made on December 1, 2039.

10. All sums set forth herein constitute damages on account of personal, physical injuries or sickness, within the meaning of Section 104(a)(2) of the Internal Revenue Code of 1986, as amended.

11. Payee acknowledges that the Periodic Payments cannot be accelerated, deferred, increased, or decreased by the Payee; nor shall the Payee have the power to sell, mortgage,

encumber, or anticipate the Periodic Payments or any part thereof, by way of assignment or otherwise.

12.   Any payments to be made after the death of Fernando Miguel SORIA pursuant to the terms of the Settlement Agreement and Release shall be made to the CPT Institute #6540-5745 fbo Fernando Miguel Soria or as outlined in the Trust. The Payee may request a change of beneficiary in writing to the Assignee. The designation must be in a form acceptable to the Assignee.

13.   Assignment: The Defendants and/or Insurers obligation to make the periodic payments described herein shall be assigned to New York Life Insurance and Annuity Corporation through a Qualified Assignment and funded by an annuity contract issued by New York Life Insurance Company rated A++ by A.M. Best. To fund the periodic payments, the Defendant and/or Insurer will issue a check in the amount of $365,000.00 payable to New York Life Insurance Company and execute the Qualified Assignment and Release Agreement.

14.   This petition was prepared by the Law Offices of John L. Burris, the lead counsel representing plaintiffs in this action. DeWitt M. Lacy, Esq. And K. Chike Odiwe, Esq. of the Law Offices of John L. Burris also represent plaintiff SORIA and are in agreement with the terms of this Petition. John L. Burris, Esq., DeWitt M. Lacy, Esq., and K. Chike Odiwe hereby represent to the Court that they became involved in this case at the request of plaintiff, and have not received, and do not expect to receive any compensation for their services in connection with this action from any person other than the parties whom they represent in this action.

15.   Petitioner and her counsel have made a careful and diligent inquiry and investigation to ascertain the facts relating to the subject incidents, the responsibility therefore, and the nature and extent of injury to the plaintiff, and fully understand that if the compromise herein proposed is approved by the Court and is consummated, said plaintiff will be forever barred and prevented from seeking any further recovery of compensation as against all Defendants in this

EX PARTE PETITION TO APPROVE SETTLEMENT AND [PROPOSED] ORDER                3:18-cv-06168-LB

4

action, even if said plaintiff's losses and injuries might in the future prove to be more serious than they are now thought to be.

16. Petitioner recommends this compromise settlement to the Court as being fair, reasonable, and in the best interests of plaintiff SORIA.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: July 1, 2019                    **THE LAW OFFICES OF JOHN L. BURRIS**

/s/ *DeWitt M. Lacy*
DeWitt M. Lacy, Esq.
Attorney for Petitioner & Plaintiffs

# [PROPOSED] ORDER

The Court hereby approves settlement agreement according to the terms set forth in the ex parte petition to approve plaintiff SORIA's settlement of claims.

IT IS SO ORDERED.

Dated: July \_\_\_\_, 2019                    _____
                                            HONORABLE LAUREL BEELER